# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEAH C. and FRANK RICHETTI, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 11-256 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | Magistrate Judge Cynthia Reed Eddy |
| SAKS & COMPANY, d/b/a ) | |
| SAKS FIFTH AVENUE ) | |
| SAKS INCORPORATED, d/b/a ) | |
| SAKS INC., and SAKS FIFTH ) | |
| AVENUE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

This case was referred to United States Magistrate Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Rules 72.C and 72.D of the Local Rules for Magistrates.

On May 28, 2013, the Magistrate Judge issued a Report and Recommendation (Doc. 63) recommending that Defendants' Motion for Summary Judgment (Doc. 53) be denied. Service of the Report and Recommendation was made on the parties, Defendants timely filed Objections (Doc. 64) and Plaintiffs filed a Response (Doc. 66).

After a *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, Objections thereto and Response, it is hereby ORDERED that Defendants' Motion for Summary Judgment is DENIED and the Report and Recommendation of

Magistrate Judge Cynthia Reed Eddy dated May 28, 2013 is adopted as the opinion of the Court.[1]

s/ Cathy Bissoon
Cathy Bissoon
United States District Judge

July 18, 2013

cc:

All attorneys of record (via CM/ECF e-mail).

---

[1] The Court will address two arguments raised in Defendant's Objections. See Doc. 64, ¶¶ 10, 15-16. First, Saks argues that Plaintiff Richetti's deposition testimony about her past leaves, her 2004 application for FMLA leave, and its 2009 paperwork indicating that she was FMLA eligible do not create a genuine and material dispute regarding her FMLA estoppel claim. Id. at ¶ 10. If Richetti emerged from discovery armed only with her personal belief that she was entitled to FMLA leave, Saks's argument might have merit. That is not the case. Instead, Richetti has supplemented her personal recollections and understanding with documents that were drafted and produced by Saks, all of which give conflicting accounts of what Saks allegedly led her to believe regarding her leave status. When viewed in the light most favorable to Richetti, as it must be on summary judgment, this documentary evidence lends credence to her version of events above a speculative level. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Second, Saks argues that the timeline of events between August and October of 2009 cannot imply the existence of the causal connection and pattern of antagonism required for a workers' compensation retaliation claim. Doc. 64 at ¶¶ 15-16. During these two months, it is undisputed that Richetti's second worker's compensation claim was successful, Saks appealed, lost its appeal bond, and Richetti's employment ended under disputed circumstances. Saks's objections merely emphasize certain events over others to elongate the timeline and winnow a finding of causation and antagonism. The Court of Appeals for the Third Circuit recently reversed in part a district court's grant of summary judgment for engaging in a similar weighing and parsing analysis. See Mandel v. M & Q Packaging Corp., 706 F.3d 157, 168 (3d Cir. 2013). In light of these undisputed facts and the applicable legal standard, denial of Saks's motion for summary judgment is appropriate.